646 So.2d 838 (1994)
SHIPWATCH DEVELOPMENT CORPORATION, a Florida corporation for profit, Appellant,
v.
Harold J. SALMON, Jr., an individual d/b/a "Sun Builders", Appellee.
No. 93-3294.
District Court of Appeal of Florida, First District.
December 15, 1994.
*839 Matthew W. Burns, Destin, for appellant.
Richard H. Powell and F.B. Estergren of Richard H. Powell, P.A., Ft. Walton Beach, for appellee.

CORRECTED OPINION
KAHN, Judge.
The opinion issued October 17, 1994, is withdrawn and the following corrected opinion substituted in its place.
This is a mechanic's lien case arising out of a construction dispute between appellant Shipwatch Development Corporation, the owner, and appellee Harold J. Salmon, Jr., the contractor. The trial court imposed a lien against Shipwatch's property for an unpaid balance of $16,024.07. This amount resulted from the contract price less a credit of $8,004.41 in favor of Shipwatch for the cost to complete certain punchlist items and for approved substitutions. The court denied Shipwatch's request for an additional credit of $11,349.00 for other substitutions. The court also denied Salmon's request for additional work in the amount of $11,734.67. Included in the lien imposed by the judgment below are amounts for Salmon's attorney's fees, as well as interest from November 5, 1991. The trial court found that Salmon's claim of lien was timely filed on November 5, 1992. Shipwatch raises seven issues on appeal, all except two of which concern factual matters as to which the trial court's findings and conclusions are supported by competent substantial evidence. We affirm as to these issues. We reverse the attorney's fee award and modify the award of prejudgment interest.
Salmon's claim of lien was in the amount of $40,688.92, and the complaint ultimately filed sought $41,476.67. By the final judgment, Salmon recovered a lien and judgment in the amount of $16,024.07. As the prevailing party, Salmon is entitled to attorney's fees under section 713.29, Florida Statutes (1991). The court erred, however, by not adjusting the lodestar fee based on the extent of success achieved by counsel for Salmon. Florida Patient Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985); Fashion Tile & Marble, Inc. v. Alpha One Construction & Assoc., Inc., 532 So.2d 1306 (Fla. 3d DCA 1988). We therefore reverse the attorney's fee award and instruct the trial court to enter a new order consonant with these two cases.
The court also erred in awarding prejudgment interest prior to the date the contractor's affidavit was served. Norin Mortgage Corp. v. Wasco, Inc., 343 So.2d 940 (Fla. 2d DCA 1977). The final judgment must be modified to indicate that prejudgment interest accrues from April 21, 1992, the date the contractor's affidavit was served, rather than *840 the claim of lien date selected by the trial court.
Both parties seek attorney's fees on appeal pursuant to section 713.29. We find that Salmon has prevailed on the significant issues presented and therefore provisionally grant his motion for appellate attorney's fees. See, Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla. 1992). On remand the trial court will determine an appropriate award of attorney's fees on appeal based upon the law as set forth in Rowe, supra. Appellant's motion for attorney's fees is denied.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
MICKLE and VAN NORTWICK, JJ., concur.