704 So.2d 689 (1997)
HOLLUB CONSTRUCTION COMPANY, Appellant,
v.
Onkar NARULA and Joy Narula, his wife, Appellees.
No. 97-1704.
District Court of Appeal of Florida, Third District.
December 24, 1997.
Rehearing Denied February 11, 1998.
Leiby Construction Law Firm, P.A., and Larry R. Leiby, and Arthur L. Berger, Plantation, for appellant.
*690 Elder & Kurzman, P.A., and Fredrica B. Elder, and Michael J. Kurzman, Miami, for appellees.
Before JORGENSON, LEVY and GREEN, JJ.
GREEN, Judge.
The appellant, Hollub Construction Company ("Hollub"), appeals a final judgment denying its recovery of attorney's fees in its construction lien claim against appellees, Onkar and Joy Narula. We reverse.
Hollub was hired by the Narulas for the construction of a home. When Hollub charged the Narulas additional contractor's fees beyond those specified in the contract, the Narulas stopped making payments. In February, 1992, Hollub submitted a demand for arbitration and filed a one count action for the enforcement of its lien on the property.[1] Prior to the arbitration of this matter, however, Hurricane Andrew struck and damaged the home built by Hollub. The Narulas' homeowner's insurance carrier compensated them for this damage.
During the arbitration proceeding, Hollub sought $105,115.33 on the contract, $49,299.10 in interest and $31,000.00 in delay damages. The Narulas sought $1,139.014.27 for improper workmanship, improper billing, misapplication of funds and other items. The arbitration panel ultimately awarded $192,000.00 to Hollub on its claim and $150,000.00 to the Narulas on their counterclaim. The arbitrators further declared that Hollub should bear 40% of the arbitration costs and the Narulas should bear 60%. The arbitration award did not declare which of the parties was the prevailing party. Nor did the award specifically delineate what portion(s) of the awards constituted interest or whether there had been an accounting for the insurance proceeds received by the Narulas for the hurricane damage.
Thereafter, the parties returned to the lower court and each moved to be declared the prevailing party. The lower court denied both motions, finding that it was unable to declare a prevailing party. The court then entered a final judgment confirming the arbitration award wherein it awarded Hollub a total of $51,233.24, which represented the difference in the respective arbitration awards given to Hollub and the Narulas, plus accrued interest. The final judgment specifically denied an award of attorney's fees to Hollub. This appeal follows that denial of attorney's fees.
The construction lien statute specifically provides for an award of attorney's fees to the prevailing party on a lien claim:
In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of his attorney for trial and appeal or for arbitration, in an amount to be determined by this court, which fee must be taxed as part of his costs, as allowed in equitable actions.
§ 713.29, Fla. Stat. (1995). This provision indeed makes mandatory an award of attorney's fees to the prevailing party in a mechanic's lien action. See Heidle v. S & S Drywall and Tile, Inc., 639 So.2d 1105, 1106 (Fla. 5th DCA 1994); see also Metro-Centre Assocs. v. Envtl., Eng'rs., Inc., 522 So.2d 967, 968 (Fla. 3d DCA 1988); Hub Cap Heaven, Inc. v. Goodman, 431 So.2d 323, 324 (Fla. 3d DCA 1983) ("When a claimant in a mechanic's lien action recovers a judgment in any amount, a trial court errs in not finding the lienor the `prevailing party' and awarding attorney's fees pursuant to section 713.29 of the Florida Statutes.").
The prevailing party in a mechanic's lien suit is that party which has prevailed on the significant issues presented in the case, see Prosperi v. Code, Inc., 626 So.2d 1360, 1363 (Fla.1993); Shipwatch Development Corp. v. Salmon, 646 So.2d 838, 840 (Fla. 1st DCA 1994); see also Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807, 809-10 (Fla. 1992); Green Companies, Inc. v. Kendall Racquetball Inv., Ltd., 658 So.2d 1119, 1121 (Fla. 3d DCA 1995), and had an affirmative judgment rendered on its behalf at the conclusion of the case. See Peter Marich & Assoc., Inc. v. Powell, 365 So.2d 754, 756 *691 (Fla. 2d DCA 1978); Travelers Indemnity Co. v. Howell & King, Inc., 336 So.2d 1, 2 (Fla. 4th DCA), cert. denied, 341 So.2d 1086 (Fla.1976); Sharpe v. Ceco Corp., 242 So.2d 464, 465 (Fla. 3d DCA 1970), cert. denied, 247 So.2d 324 (Fla.1971). Based upon this test, it is clear to us that Hollub was the prevailing party in the lien action below. Hollub prevailed on the only significant issue in the action below, (i.e., the enforcement of its lien) and received an affirmative judgment on its behalf. The trial court's denial of attorney's fees to Hollub pursuant to section 713.29 was thus error.
We therefore reverse that portion of the final judgment which denied Hollub's request for attorney's fees and remand this cause for a determination of a reasonable attorney's fee award to Hollub.
Reversed and remanded with instructions.
NOTES
[1] The Narulas filed no counterclaim to Hollub's one count lien claim in the action below.