PER CURIAM.
In his petition for writ of certiorari, petitioner challenges the circuit court’s appellate decision affirming the county court’s order of dismissal. The county court dismissed the underlying replevin case based on a determination that petitioner’s voluntary dismissal in an earlier case which addressed the same replevin matter operated as an adjudication of the matter on its merits, because two prior dismissals had been entered on the matter. Florida Rule of Civil Procedure 1.420(a)(1) provides that a notice of voluntary dismissal “operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.” In the present case, the first two dismissals were not voluntary, but were entered by the county court upon respondent’s motions. Although the court dismissals were without prejudice, they are not chargeable against appellant for purposes of the rule 1.420(a)(1). See Dave Hess, Inc. v. Black Angus of Pompano, Inc., 288 So.2d 286, 287 (Fla. 4th DCA 1974). Thus, the subsequent voluntary dismissal of the matter did not operate as an adjudication on the merits.
*636 Accordingly, we hold that the circuit court departed from the essential requirements of the law in affirming the county court’s order. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). We, therefore, grant the petition for writ of certiorari, quash the opinion of the circuit court sitting in its appellate capacity, and remand for further proceedings consistent with this opinion.
DELL, WARNER and HAZOURI, JJ., concur.