COPE, J.
Beatrice Peraza appeals the denial of her motion to tax costs, including reasonable attorney’s fees, under Florida Rule of Civil Procedure 1.420(d) and section 627.428, Florida Statutes (2006). We affirm in part and remand for further proceedings on one issue.
Peraza filed a claim with Citizens Property Insurance Corporation (“Citizens”), her homeowners’ insurance company, for windstorm damages sustained in Hurricane Wilma in October of 2005. Citizens invoked the appraisal clause and each party appointed an appraiser. The appraisers could not agree on an umpire, so (as allowed by the appraisal clause) Citizens petitioned the trial court for the appointment of an umpire. Peraza filed her response to Citizens’ petition agreeing that an umpire should be appointed. After the trial court entered its order appointing an umpire, Citizens filed a voluntary dismissal under Florida Rule of Civil Procedure 1.420. Peraza filed a motion to tax costs, including reasonable attorney’s fees, under Florida Rule of Civil Procedure 1.420(d) and subsection 627.428(1), Florida Statutes (2006). The trial court denied the motion and Peraza has appealed.
Peraza requested attorney’s fees under subsection 627.428(1), Florida Statutes, which authorizes an award of attorney’s fees when an insured recovers judgment against an insurer.* In this case, Citizens filed a petition to appoint an umpire. Peraza answered and requested the same relief. The trial court entered an order appointing umpire, thus granting the relief requested by both sides. Under these facts, the order did not amount to an order against Citizens and in favor of Per-aza for purposes of subsection 627.428(1).
Peraza maintains that the analysis is otherwise because Citizens voluntarily dismissed its petition. Peraza points out that under the voluntary dismissal rule, Peraza is entitled to costs as the non-dismissing party. See Fla. R. Civ. P. 1.420(d). She reasons that this makes her the prevailing party for purposes of costs and, by extension, the prevailing party for purposes of attorney’s fees under subsection 627.428(1). As to the attorney’s fees, we disagree. To qualify for an attorney’s fee award, Peraza had to meet the statutory criteria contained in subsection 627.428(1). As that test was not satisfied, attorney’s fees were properly denied.
We do conclude, however, that the trial court erred by ruling that Peraza had *492 no entitlement to costs under Rule 1.420(d). Once Citizens filed its voluntary dismissal, Peraza was entitled to costs. “Rule 1.420(d) is unambiguous — costs are to be assessed in the action that is the subject of the voluntary dismissal.... ” Wilson v. Rose Printing Co. Inc., 624 So.2d 257, 258 (Fla.1993). The trial court apparently accepted the argument that costs should not be awarded because the insurance policy provides that “[e]ach party will (a) pay its chosen appraiser; and (b) bear the other expenses of appraisal and umpire equally.” While this language allocates the expenses for the appraisal process, we do not believe it constitutes a waiver of entitlement to court costs under Rule 1.420(d).
We therefore remand for the trial court to rule on the merits of Peraza’s claim for costs (but not attorney’s fees). We express no view on the merits of the costs she seeks.
Affirmed in part, and remanded for a hearing on costs only.

 Subsection 627.428(1), Florida Statutes (2006), states:
(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.