ROTHENBERG, J.
 

 Shannon Smith, the plaintiff below, appeals the final judgment awarding attorney’s fees and costs to Loews Miami Beach Hotel Operating Company, Inc. (“the Hotel”) following the voluntary dismissal without prejudice of her negligence lawsuit against the Hotel. Because we conclude that Smith properly preserved her objection to the award of attorney’s fees and costs below and because such an
 
 *102
 
 award based on a dismissal of the cause of action requires that the dismissal be with prejudice, we reverse.
 

 Smith sued the Hotel for damages in June 2005. The sole claim pled was a tort claim seeking damages for negligent infliction of emotional distress. The Hotel served Smith with a Proposal of Settlement in February 2006 to which she did not respond. Nearly one year later, the Hotel filed a motion for final summary judgment alleging that the impact rule precluded Smith’s action. Prior to the hearing on the Hotel’s motion, Smith served the Hotel with a Notice of Voluntary Dismissal without prejudice, upon which the Hotel filed its motion seeking an award of attorney’s fees and costs based on its Proposal of Settlement and pursuant to section 768.79, Florida Statutes.
 

 On January 13, 2009, the trial court conducted a hearing on the Hotel’s motion for attorney’s fees and costs. The sole objection raised at that hearing was that the settlement proposal was not made in good faith. After determining that Smith’s dismissal of her complaint was in recognition that the only claim she had raised in her complaint was vulnerable to the impact rule, and that in all likelihood the trial court would have granted the Hotel’s motion for summary judgment, the trial court concluded that the proposal for settlement was not made in bad faith and thus the Hotel was entitled to its fees and costs. The trial court told the parties that it would set a hearing to determine the amount of attorney’s fees and costs to be awarded, and informed the parties that the hearing would be conducted by the successor judge who had been assigned to preside over that division.
 

 At the specially set hearing to determine the amounts to be awarded, Smith renewed her objection to the award of attorney’s fees and costs on the ground that the settlement offer was not made in good faith and she raised a new objection: that the voluntary dismissal, which was without prejudice, did not act as a disposition on the merits of the case. Smith then informed the trial court that she had filed a new complaint in another division. Because we conclude that Smith’s objection was sufficiently preserved and the law supports Smith’s objection, the trial court erred in awarding the Hotel attorney’s fees and costs.
 

 Florida Rule of Civil Procedure 1.420(a)(1) provides in pertinent part:
 

 Except in actions in which property has been seized or is in the custody of the court, an action may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment.... Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.
 

 (emphasis added). In accordance with this rule, the “party seeking affirmative relief has an almost absolute right to dismiss his entire action once without a court order by serving a notice of dismissal at any time before a hearing on a motion for summary judgment.”
 
 Marine Contractors, Inc. v. Armco, Inc.,
 
 452 So.2d 77, 79 (Fla. 2d DCA 1984) (citing
 
 Randle-Eastern Ambulance Serv., Inc. v. Vasta,
 
 360 So.2d 68 (Fla.1978)).
 

 Section 768.79, the Offer of Judgment statute, allows a party to recover attorney’s fees “when a party has satisfied the terms of the statute and rule.”
 
 Attorneys’ Title Ins. Fund, Inc. v. Gorka,
 
 — So.3d - , - (Fla. 2010) (citing
 
 MGR
 
 
 *103
 

 Equip. Corp. v. Wilson Ice Enters., Inc.,
 
 731 So.2d 1262, 1263 (Fla.1999)). Under section 768.79, a defendant who files an offer of judgment which is not accepted by the plaintiff within thirty days is entitled to an award of attorney’s fees and costs where: (1) the judgment is one of no liability; (2) the judgment obtained by the plaintiff is at least twenty-five percent less than the defendant’s offer; or (3) the cause of action was dismissed with prejudice.
 

 In
 
 MX Investments, Inc. v. Crawford,
 
 700 So.2d 640, 642 (Fla.1997), the Florida Supreme Court concluded that to be entitled to an award of attorney’s fees under section 768.79 based on a dismissal of the cause, the dismissal must be with prejudice. In explaining what constitutes a dismissal with prejudice, the Court made it clear that for purposes of the offer of judgment statute, the dismissal must represent a judgment of no liability.
 
 Id.
 
 Thus, an involuntary dismissal, a dismissal with prejudice, and a second voluntary dismissal (which serves as adjudication on the merits pursuant to rule 1.420(a)(1)) all qualify as a basis of an award of attorney’s fees under section 768.79. The Florida Supreme Court in
 
 MX
 
 found that the defendant-hotel was not entitled to an award of attorney’s fees where the plaintiff rejected a proposal of settlement and then voluntarily dismissed his complaint without prejudice. Similarly, in the instant case, the Hotel is not entitled to an award of attorney’s fees and costs because Smith’s voluntary dismissal was her first notice of dismissal, her voluntary dismissal was without prejudice, and her voluntary dismissal did not operate as an adjudication on the merits. Accordingly, we reverse the order under review.
 

 Reversed.