# Third District Court of Appeal

**State of Florida**

Opinion filed April 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1081
Lower Tribunal No. 10-2595
_____


**Diane N. Wells and Thomas O. Wells,**
Appellants,

vs.

**Halmac Development, Inc. and Hector Castro,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Sarah I. Zabel, Judge.

Wells & Wells and Diane Noller Wells, for appellants.

Siegfried, Rivera, Hyman, Lerner, De La Torre, Mars & Sobel and Stuart Sobel, for appellees.


Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

EMAS, J.

**INTRODUCTION**

Diane N. Wells and Thomas O. Wells (collectively "Wells") appeal the trial court's order denying their motion for attorney's fees pursuant to section 57.105, Florida Statutes (2012). We hold that the trial court erred in its legal determination that Castro presented a "colorable claim" under Florida law and therefore, in denying Wells' motion for fees. Accordingly, we reverse and remand for the trial court to enter an order granting entitlement and for a determination of the amount of fees which should be awarded to Wells.

**BACKGROUND**

In 2008, Wells contracted with Halmac Development, Inc. ("Halmac") for general construction work at their home in Coral Gables. In August 2009, Wells fired Halmac. Thereafter, Halmac recorded a claim of lien against the Wells' property and brought a lawsuit to foreclose on the lien. Halmac also sought damages for breach of contract, unjust enrichment, and quantum meruit.

The parties agreed to arbitrate the dispute and at arbitration, Wells also asserted their own claims against Halmac for breach of contract and misappropriation of funds, as well as a claim against Halmac's president, Hector Castro, individually, for fraudulent lien. The parties agreed that the arbitrator would determine the issue of prevailing party.

On August 17, 2011, the arbitrator entered an award ("Initial Award") finding in favor of Wells on the contract claim, and in favor of Halmac on its counterclaim, and on Wells' claim for misappropriation of funds. Further, the arbitrator denied Wells' claims against Halmac and Castro for the filing of a fraudulent lien, noting that during the hearing, he granted Castro's motion to dismiss the claim brought against him by Wells. Lastly, after a thorough discussion of the claims and awards in the matter, the arbitrator concluded, "[w]eighing the factors delineated by the Supreme Court in Trytek [v. Gale Indus., Inc., 3 So. 3d 1194 (Fla. 2009),] and the equities on both sides of this case, I find that there is no prevailing party for the purposes of an award of attorney's fees."

After the Initial Award, both Halmac and Wells filed motions to modify the Initial Award for a correction of computational errors. Castro also filed a motion, requesting that the Initial Award be modified to address the question of "who is the prevailing party as between Castro and the Wells, and . . . that Castro be deemed the prevailing party." Wells responded to Castro's motion arguing that Castro was attempting to have the merits re-determined, and that "[a] modification is limited to the scope of AAA R–48 or Fla. Stat. § 682.14(1)(a), and the Arbitrator has determined, in accordance with Florida law, that there is no prevailing party for the purposes of attorneys' fees and costs in this action." On September 23, 2011, the arbitrator entered a Modification of Award ("Modified Award"), which increased

the award amount due to Wells. The arbitrator also addressed Castro's prevailing party request, stating "[t]he Motion for Modification filed by Respondent Castro is hereby denied." Wells filed a Motion to Confirm and Enforce the Arbitration Award against Halmac in the trial court, which was denied without prejudice. The trial court gave the parties until November 16, 2011, to file motions to vacate, modify or correct the arbitration award.

One day prior to the deadline, Castro filed a motion to intervene in the trial court case, which was subsequently granted. Additionally, Halmac and Castro jointly filed, in the trial court, a Motion to Modify and Correct Award pursuant to section 682.14, Florida Statutes ("Motion to Modify"). The Motion to Modify sought what it characterized as a "technical correction in the form of the award," claiming that the Modified Award "failed to clarify, correct or modify the award to include Castro as the prevailing party" as between Castro and Wells.

Wells then filed a Renewed Motion to Confirm and Enforce the Arbitration Award Against Plaintiff Halmac Development, Inc. and a Response to Halmac/Intervenor's Motion for Modification under section 682.14, arguing that the Modified Award must be confirmed because Halmac and Castro had no good faith basis to vacate or further modify the award under sections 682.13[1] and 682.14[2], Florida Statutes (2012).

---

[1] Section 682.13(1) provides:

On January 31, 2012, following a hearing, the trial court entered an order

granting the Renewed Motion to Confirm as between Wells and Halmac. On that

same date, the trial court entered an order directing "the arbitrator to determine

(1) Upon motion of a party to an arbitration proceeding, the court shall vacate an arbitration award if:
(a) The award was procured by corruption, fraud, or other undue means;
(b) There was:
1. Evident partiality by an arbitrator appointed as a neutral arbitrator;
2. Corruption by an arbitrator; or
3. Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
(c) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to hear evidence material to the controversy, or otherwise conducted the hearing contrary to s. 682.06, so as to prejudice substantially the rights of a party to the arbitration proceeding;
(d) An arbitrator exceeded the arbitrator's powers;
(e) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under s. 682.06(3) not later than the beginning of the arbitration hearing; or
(f) The arbitration was conducted without proper notice of the initiation of an arbitration as required in s. 682.032 so as to prejudice substantially the rights of a party to the arbitration proceeding.

[2] Section 682.14(1) provides in pertinent part:

(1) Upon motion made within 90 days after the movant receives notice of the award pursuant to s. 682.09 or within 90 days after the movant receives notice of a modified or corrected award pursuant to s. 682.10, the court shall modify or correct the award if:
(a) There is an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award.
(b) The arbitrators have awarded upon a matter not submitted in the arbitration and the award may be corrected without affecting the merits of the decision upon the issues submitted.

5

[the] prevailing party between Wells and Castro." Subsequently, on February 14, 2012, the arbitrator issued an Order of the Arbitrator on Remand ("Remand Order") stating:

> The AWARD previously in this case tracks current Florida case law on this question so that will not be revisited here. Weighing that case law, as well as that cited for the first time in this case in the briefs of the parties, **I find that neither Mr. Castro nor the Wells is a prevailing party** for the purpose of an award of attorneys' fees.

(Emphasis added).

Thereafter, Wells filed a motion for attorney's fees against Castro, Halmac and its attorneys, pursuant to section 57.105, Florida Statutes (2012), asserting they knew or should have known their claim that Castro was a prevailing party was not supported by the facts or the law.

On March 20, 2012, the trial court again heard the parties regarding the Motion to Modify. The trial court "deferred" ruling on the motion, instead giving Castro "90 days from Feb. 14, 2012 to move to <u>modify, correct and/or vacate</u> [the] arbitrator award" (emphasis added). However, instead of filing a motion to modify, correct and/or vacate the arbitral award, Castro filed, in the trial court, a Motion to be Determined the Prevailing Party ("Prevailing Party Motion"), asking *the trial court* to declare that Castro was the prevailing party and thereby entitled to an award of attorney's fees. Specifically, Castro argued that the trial court was

6

required to enter an order finding him to be the prevailing party because the arbitrator "failed to determine a prevailing party" in its Remand Order. In support of this proposition, Castro cited to the case of Hollub v. Narula, 704 So. 2d 689 (Fla. 3d DCA 1997), and told the court that the Hollub case involved "the exact issue" raised in the instant case.

Wells responded to Castro's motion, asserting that the arbitrator had already and properly determined there was no prevailing party, pursuant to the Florida Supreme Court's opinion in Trytek. In addition, Wells filed its second motion for section 57.105 sanctions against Castro, Halmac and its attorneys for its continued efforts to overturn the arbitrator's decision despite binding authority that there was no legal basis for Castro's counsel to pursue such efforts.

After a hearing, the trial court entered an order granting Castro's Prevailing Party Motion, stating that "Hector Castro is the prevailing party as between Defendants, Diane N. Wells and Thomas O. Wells and Hector Castro" ("October 22 order"). Castro then filed a motion for prevailing party attorney's fees.

Wells filed a petition for writ of mandamus in this court to compel the trial court to confirm the arbitration award. Wells v. Castro, 117 So. 3d 1233 (Fla. 3d DCA 2013). This court granted the petition, finding that the trial court was required to confirm the arbitration award, which determined there was no prevailing party as between Wells and Castro, and that the trial court "had no legal

basis" to enter the October 22 order. Id. at 1238. Thus, this Court quashed the October 22 order and directed the trial court to confirm the Initial Award as modified by the February 14, 2012 Remand Order. In addition, this court denied Castro's motion for attorney's fees and, importantly, granted Wells' motion for appellate attorney's fees pursuant to section 57.105.

The trial court, in compliance with this court's mandate, vacated the October 22 order and confirmed the arbitrator's award, as modified. Wells then filed a motion for attorney's fees against Castro and his counsel, in accordance with their first two motions for 57.105 fees, and sought fees and costs incurred from November 23, 2011[3], not including time spent on appellate matters. After an evidentiary hearing, the trial court denied Wells' motion for 57.105 fees, finding Castro "had a legitimate good faith belief that he was the prevailing party in the arbitration proceedings . . . [and] that he was entitled to attorney's fees as the prevailing party under Florida Statute §713.31."[4] Further, the court found, Castro

---

[3] This is the date counsel for Wells wrote to counsel for Castro, asking him to withdraw his motion to modify the arbitration award, and attaching Wells' first motion for 57.105 fees.

[4] Section 713.31(2)(c), Florida Statutes (2012) provides:

> An owner against whose interest in real property a fraudulent lien is filed, or any contractor, subcontractor, or sub-subcontractor who suffers damages as a result of the filing of the fraudulent lien, shall have a right of action for damages occasioned thereby. The action may be instituted independently of any other action, or in connection with a summons to show cause under s. 713.21, or as a counterclaim or cross-claim to any action to enforce or to determine the validity of

8

"brought a colorable claim to be determined the prevailing party under the authority of <u>Hollub</u> . . . and Florida Statute § 713.31." Finally, the court found that if "attorney fees sanctions are not appropriate where a party presents a colorable claim and loses on the pleadings or on a summary judgment, attorney fees are certainly not appropriate as a sanction under Florida Statute § 57.105 where the party prevails at the trial level and ultimately loses on appeal." The court also denied Wells' later filed motion for rehearing. This appeal followed.

**ANALYSIS**

Generally, we review a trial court's order denying attorney's fees for an abuse of discretion. However, to the extent the trial court's determination on a motion for attorney's fees is based on an issue of law, our standard of review is *de novo*. <u>Blue Infiniti, LLC v. Wilson</u>, 170 So. 3d 136 (Fla. 4th DCA 2015).

Under section 57.105(1), Florida Statutes (2012):

---

the lien. The prevailing party in an action under this paragraph may recover reasonable attorney's fees and costs. If the lienor who files a fraudulent lien is not the prevailing party, the lienor shall be liable to the owner or the defrauded party who prevails in an action under this subsection in damages, which shall include court costs, clerk's fees, a reasonable attorney's fee and costs for services in securing the discharge of the lien, the amount of any premium for a bond given to obtain the discharge of the lien, interest on any money deposited for the purpose of discharging the lien, and punitive damages in an amount not exceeding the difference between the amount claimed by the lienor to be due or to become due and the amount actually due or to become due.

the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a) Was not supported by the material facts necessary to establish the claim or defense; or

(b) Would not be supported by the application of then-existing law to those material facts.

However, under section 57.105(3), monetary sanctions may not be awarded under paragraph (1)(b) "if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success."

In this case, the trial court denied fees because it found that Castro's position was "arguably supported" under the authority of Hollub and section 713.31. We disagree, and because we determine that Castro's position was not "arguably supported" under Hollub or any other valid authority in Florida, the trial court erroneously denied Wells' motion for attorney's fees under section 57.105.

10

Contrary to the position taken by Castro, a careful reading of <u>Hollub</u> reveals that it does <u>not</u> stand for the proposition that there must always be a prevailing party in every mechanic's lien case.[5]  In fact, at the time Castro filed his motion requesting the trial court to declare him the prevailing party, the Florida Supreme Court had already weighed in on this issue and had explicitly "reject[ed] the notion that in every construction lien case the trial court is compelled to find a prevailing party."  <u>Trytek</u>, 3 So. 3d at 1204 n. 13.  The <u>Trytek</u> court further emphasized that there might not always be a "prevailing party" in these types of suits and held that "the possibility that neither party is a 'prevailing party' is consistent with an application of the 'significant issues' test of <u>Moritz</u> and <u>Prosperi</u>."[6]  <u>Id.</u> at 1203.  Most notably for our analysis, <u>Trytek</u> made it clear that <u>Hollub</u> and similar cases should not be read to mean that a prevailing party must be declared in a construction lien action:

---

[5] Moreover, <u>Hollub</u> involved a determination of prevailing party status to be made in the first instance by the trial court.   In the present case, the parties agreed that such a determination would be made by the arbitrator, thereby severely restricting—if not altogether eliminating—the parties' ability to seek, and the trial court's authority to grant, a modification of the arbitrator's determination.  <u>See</u> § 682.14(1), Fla. Stat.  <u>See also</u> <u>Cassara v. Wofford</u>, 55 So. 2d 102, 105 (Fla. 1951) (holding that an award of arbitration "cannot be set aside for mere errors of judgment either as to the law or the facts; if the award is within the scope of the submission, and the arbitrators are not guilty of the acts of misconduct set forth in the statute, the award operates as a final and conclusive judgment, and—however disappointing it may be—the parties must abide by it.")

[6] <u>Prosperi v. Code, Inc.</u>, 626 So. 2d 1360 (Fla. 1993); <u>Moritz v. Hoyt Enters, Inc.</u>, 604 So. 2d 807 (Fla. 1992).

> We do not construe any of the appellate cases concerning prevailing party attorneys' fees to mandate that there be a prevailing party, only that where a "prevailing party" is determined, the entitlement to attorneys' fees is mandatory. See Pennington & Assocs., Inc. v. Evans, 932 So.2d 1253, 1254 (Fla. 5th DCA 2006); Hollub Constr. Co. v. Narula, 704 So.2d 689, 690 (Fla. 3d DCA 1997); Grant v. Wester, 679 So.2d 1301, 1308 (Fla. 1st DCA 1996); Sanfilippo v. Larry Giacin Tile Co., 390 So.2d 413, 414 (Fla. 4th DCA 1980). We reject the notion that in every construction lien case the trial court is compelled to find a prevailing party. See Kenmark Constr., Inc. v. Cronin, 765 So.2d 129 (Fla. 2d DCA 2000) (declining to announce a bright-line rule that a trial court must find a prevailing party in every construction lien action).

Id. at 1204 n. 13.

The Trytek decision—issued in 2009— represented the settled law in Florida well before the arbitration proceedings in this case, and the arbitrator specifically relied upon and cited to Trytek in its determination that "there is no prevailing party for the purposes of an award of attorney's fees." Therefore, Castro's counsel knew or should have known that any claim that Castro was entitled to be declared the prevailing party, after the arbitrator clearly determined there was no prevailing party, "[w]ould not be supported by the application of then-existing law to those material facts." § 57.105(1)(b), Fla. Stat. (2012). This court has already and necessarily made this very determination when we held (in the prior appeal) that the trial court had no legal basis upon which to overturn the arbitrator's determination (that there was no prevailing party) and to declare that Castro was the prevailing party.

12

As a result, the trial court should have granted Wells' motion for attorney's fees, under section 57.105(1)(b), from February 14, 2012—the date that the arbitrator expressly determined that there was no prevailing party as between Wells and Castro. See In re Forfeiture of 100,000 Euros, 170 So. 3d 810, 817 (Fla. 3d DCA 2015) (reversing trial court's denial of 57.105 fees where "neither the facts nor the law supported in any fashion" the claims of the appellees.) See also Albritton v. Ferrera, 913 So. 2d 5 (Fla. 1st DCA 2005) (holding that party is not insulated from 57.105 fees just because they prevailed in the trial court). We reverse the order denying Wells' motion for attorney's fees and remand for the trial court to enter an order granting the motion, and thereafter determine the reasonable amount of attorney's fees to which Wells is entitled. The fee award shall be taxed solely against counsel representing Castro at that time. See § 57.105(3)(c) (providing that an attorney's fee award imposed under 57.105(1)(b) may not be awarded against a party who is represented by counsel); Waddington v. Baptist Med. Ctr. of Beaches, Inc., 78 So. 3d 114 (Fla. 1st DCA 2012).

Finally, we address one last portion of the trial court's order that appears to conclude that fees under section 57.105 could not be awarded because the trial court originally granted Castro's motion. The trial court stated in its order:

> If attorney fees sanctions are not appropriate where a party presents a colorable claim and loses on the pleadings or on a summary judgment, attorney fees are certainly not appropriate as a sanction under Florida

Statute § 57.105 where the party prevails at the trial level and ultimately loses on appeal. (Emphasis added.)

This is an erroneous and rather superficial analysis. While it is true that a party is not necessarily entitled to section 57.105 fees simply because it prevailed at the summary judgment stage, this does not compel the conclusion that attorney's fees "are certainly not appropriate" where a party prevails at the trial level and ultimately loses on appeal. Such a conclusion ignores the analysis necessary to a proper determination of entitlement under the statute. This case serves as an appropriate example. Here, Castro argued that Hollub addressed "the exact issue" presented in this case and required a declaration of a prevailing party. It appears that the trial court's decision to grant the motion and declare Castro the prevailing party was based upon an acceptance of this premise. However, a careful reading of Hollub and, more importantly, the subsequent decision in Trytek limiting Hollub, rejects "the notion that in every construction lien case the trial court is compelled to find a prevailing party." Trytek, 3 So. 3d at 1204 n.13. Given Trytek's clear limitation of Hollub, and the express limitations for modification or vacation of an arbitration award under sections 682.13 and 682.14, Castro's counsel knew or should have known that Castro did not have any reasonable basis in law to seek an order from the trial court declaring Castro to be the prevailing party contrary to the express determination of the arbitrator. The trial court's determination that

14

Castro's counsel raised a colorable claim was erroneous as a matter of law and its decision to deny Wells their entitlement to fees was an abuse of discretion.

## <u>CONCLUSION</u>

We reverse the trial court's order and remand with instructions to enter an order granting Wells entitlement to attorney's fees beginning on February 14, 2012. The trial court shall determine the reasonable amount of attorney's fees to be awarded, an amount which shall be paid by Castro's counsel.

Reversed and remanded with directions.