# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2429
Lower Tribunal No. 17-12030
_____

**John Annesser,**
Appellant,

vs.

**Innovative Service Technology Management Services Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Annesser Armenteros, PLLC, and John W. Annesser, Miguel Armenteros and Megan Conkey Gonzalez, for appellant.

GrayRobinson P.A., and Gary M. Carman and Richard F. Danese , for appellee.

Before LINDSEY, LOBREE, and BOKOR, JJ.

BOKOR, J.

John Annesser, a partner and shareholder of the law firm Annesser Armenteros, PLLC, appeals the trial court's denial of his motion for costs and fees following dismissal of a complaint in which he was named as a defendant. As explained below, we affirm as to the denial of fees, but reverse and remand as to the denial of costs.

**BACKGROUND**

Innovative Service Technology Management Services added Annesser as a defendant in the first amended complaint. Annesser served two offers of judgment under section 768.79, Florida Statutes, and Innovative Services rejected both. Subsequently, Annesser moved to dismiss, which the trial court granted, without prejudice. This dismissal without prejudice constituted an involuntary dismissal under Florida Rule of Civil Procedure 1.420(b). Innovative Services filed a second amended complaint which didn't include Annesser as a defendant.[1]

After the conclusion of the matter as it pertained to him, Annesser sought costs and fees. Annesser sought entitlement to costs under section 57.041, Florida Statutes, and Rule 1.420(d), and fees under section 768.79,

---

[1] Annesser filed a motion seeking a dismissal with prejudice, which was never heard or ruled on by the trial court, and therefore not relevant to this appeal.

Florida Statutes, and Rule 1.420(a)(1). The trial court denied the motion, equating the removal of Annesser from the second amended complaint to a dismissal without prejudice that did not operate as an adjudication on the merits entitling Annesser to costs or fees. This appeal followed.

**ANALYSIS**

Our review of a trial court's determination as to a party's entitlement to costs and fees under a statute is a question of law reviewed de novo. See, e.g., Magdalena v. Toyota Motor Corp., 253 So. 3d 24, 25 (Fla. 3d DCA 2017). Annesser first claims entitlement to court costs pursuant to section 57.041, Florida Statutes, and Florida Rule of Civil Procedure 1.420(d). Section 57.041(1) provides that "[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment." As noted above, the trial court entered a dismissal without prejudice. An involuntary dismissal without prejudice doesn't constitute a judgment on the merits. Importantly, the court entered the involuntary dismissal. Therefore, the subsequent dismissal of Annesser by International Services, after the court's involuntary dismissal without prejudice, fails to trigger the adjudication on the merits "second dismissal" provision under Rule 1.420(a)(1). See Britt v. Knowles, 792 So. 2d 635, 635 (Fla. 4th DCA 2001); see also Bright v. Baltzell, 65 So. 3d 90, 93 (Fla. 4th DCA 2011)

3

(finding that voluntary dismissal following prior administrative closure of case was not a "second dismissal" constituting an "adjudication on the merits" as described in Rule 1.420(a)(1), because the court, not the plaintiff, dismissed the prior action). So, 57.041(1) fails as a basis for costs because no adjudication on the merits occurred.

But the inquiry doesn't end there for costs. Rule 1.420(d) provides that "[c]osts in any action dismissed under this rule shall be assessed and judgment for costs entered in that action, once the action is concluded as to the party seeking taxation of costs." This portion of the rule makes no distinction between final adjudication on the merits and dismissal without prejudice, nor does it matter whether such dismissal occurred through an involuntary dismissal by the court or a voluntary dismissal by a plaintiff.[2] Here, the court acted under Rule 1.420(b) and involuntarily dismissed the amended complaint against Annesser, without prejudice. Since the action concluded with respect to Annesser, Rule 1.420(d) mandates entitlement to costs. Wilson v. Rose Printing Co., 624 So. 2d 257, 258 (Fla. 1993) ("Rule 1.420(d) is unambiguous— costs are to be assessed in the action that is the

---

[2] We have held that a party dropped pursuant to Florida Rule of Civil Procedure 1.250(b) is effectively "dismissed" within the meaning of Rule 1.420(a)(1), with the "same entitlement to costs which would have been enjoyed had the dismissal occurred entirely under Rule 1.420(a)(1)." Bay View Inn, Inc. v. Friedman, 545 So. 2d 417, 419 (Fla. 3d DCA 1989).

4

subject of the voluntary dismissal. . . . Where a nondismissing party seeks costs under this rule, a court is without authority to defer assessment pending disposition of a subsequent action."); Peraza v. Citizens Prop. Ins. Corp., 973 So. 2d 490, 492 (Fla. 3d DCA 2007) (quoting Wilson and explaining that "[o]nce Citizens filed its voluntary dismissal, Peraza was entitled to costs"). Accordingly, the trial court erred in denying entitlement to costs under Rule 1.420(d).

However, we affirm the trial court's denial of Annesser's claim for attorney's fees. Annesser asserts an entitlement to fees under section 768.79, the offer of judgment statute. Section 768.79 entitles a defendant to an award of attorney's fees and costs where the defendant filed an offer of judgment, not accepted by the plaintiff within 30 days, and "(1) the judgment is one of no liability; (2) the judgment obtained by the plaintiff is at least twenty-five percent less than the defendant's offer; or (3) the cause of action was dismissed with prejudice." Smith v. Loews Miami Beach Hotel Operating Co., 35 So. 3d 101, 103 (Fla. 3d DCA 2010) (emphasis omitted). Here, entitlement to fees under the offer of judgment statute fails for the same reason explained in relation to the entitlement to costs under section 57.041(1). Nothing on the record constitutes a dismissal with prejudice or final judgment or adjudication on the merits in favor of Annesser. To trigger

the offer of judgment statute, the dismissal must be with prejudice, "represent[ing] a judgment of no liability." See id. at 103 (relying on MX Invs., Inc. v. Crawford, 700 So. 2d 640, 642 (Fla. 1997). The court dismissed Annesser without prejudice and he simply remained dismissed when International Services chose not to add him to the subsequent complaint.[3] Accordingly, we affirm the trial court's denial of entitlement to fees.

Affirmed in part, reversed in part, and remanded.

---

[3] The court ordered Annesser's involuntary dismissal without prejudice. International Services' affirmative representation that it wasn't adding Annesser to the second amended complaint, at most, established that the action "[was] concluded as to the party [Annesser] seeking taxation of costs." Fla. R. Civ. P. 1.420(d). But, as explained, it didn't count as a second dismissal triggering the adjudication on the merits language of Rule 1.420(a)(1).