# Third District Court of Appeal

## State of Florida

Opinion filed October 2, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D23-0613 & 3D23-0614
Lower Tribunal Nos. 19-251-K, 19-146-K

_____

**Alvarez, Feltman & Da Silva, P.L. n/k/a Alvarez, Feltman, Da Silva & Costa, P.L.,**
Appellant,

vs.

**Citizens Property Insurance Corporation, et al.,**
Appellees.

Appeals from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Alvarez, Feltman, Da Silva & Costa, P.L., and Paul B. Feltman, for appellant.

Davis Goldman, PLLC, Jason N. Goldman and Maidenly Macaluso, for appellees Shell of Summerland, Inc., Shell of Ramrod, Inc., and Ramrod Property Investments, LLC.

Before EMAS, GORDO and BOKOR, JJ.

GORDO, J.

In these appeals, Alvarez, Feltman & Da Silva, P.L. n/k/a Alvarez, Feltman, Da Silva & Costa P.L. ("AFDC") appeals the omnibus orders entering final judgments and awarding prevailing party costs pursuant to section 57.041, Florida Statutes, and Florida Rule of Civil Procedure 1.420(d) in favor of Shell of Summerland, Inc. ("Summerland") and Ramrod Property Investments, LLC and Shell of Ramrod, Inc. (collectively, "Ramrod"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). For the reasons that follow, we affirm.

In the omnibus orders under review, the trial court found AFDC's notices of withdrawal of charging lien, filed on October 24, 2022, were tantamount to untimely notices of voluntary dismissal of AFDC's claim for fees. Alternatively, the trial court found that even if the notices were not untimely, they operated as an "adjudication on the merits" under the two-dismissal rule. On appeal, AFDC challenges both rulings. Because we find no error in the trial court's determination that the notices were untimely or, in the alternative, that Summerland and Ramrod would be entitled to the entry of final judgment pursuant to the two-dismissal rule, we affirm. See Fla. R. Civ. P. 1.420(a)(1) (permitting a plaintiff to voluntarily dismiss an action by filing a notice of voluntary dismissal "at any time before a hearing on motion for summary judgment"); Stonely v. Moore, 851 So. 2d 905, 906 (Fla. 3d

2

DCA 2003) ("In the present case, the notice [of voluntary dismissal] was not filed until after the hearing on the motion for summary judgment. At that point, the plaintiffs could not dismiss the action by filing a notice . . . ."); <u>Britt v. Knowles</u>, 792 So. 2d 635, 635 (Fla. 4th DCA 2001) ("Florida Rule of Civil Procedure 1.420(a)(1) [also] provides that a notice of voluntary dismissal 'operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.'" (quoting Fla. R. Civ. P. 1.420(a)(1))); <u>Variety Children's Hosp. v. Mt. Sinai Hosp. of Greater Mia., Inc.</u>, 448 So. 2d 546, 548 (Fla. 3d DCA 1984) (finding the two-dismissal rule of Florida Rule of Civil Procedure 1.420 applied where the "underlying transaction" was the same).

Affirmed.