# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 6D2023-0924
Lower Tribunal No. 2019-CA-002786-0001-XX

———————————————

CREATIVE HARDSCAPES, LLC,

Appellant,

v.

ROBERT PRAWDZIK and BH LEE COLLIER, LLC d/b/a BLUE HAVEN POOLS AND SPAS,

Appellees.

———————————————

Appeal from the Circuit Court for Collier County.
Joseph G. Foster, Judge.

November 8, 2024

STARGEL, J.

Appellant, Creative Hardscapes, LLC ("Creative"), appeals a post-judgment order denying attorney's fees and costs.[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A). *See Yampol v. Turnberry Isle S. Condo. Ass'n*, 250 So. 3d 835, 837 (Fla. 3d DCA 2018) ("A post-judgment order

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

denying a party's claim for entitlement to attorney's fees . . . is an appealable final order."). Because the record lacks any legal basis for denying Creative's motion for attorney's fees, we reverse.

Background

Appellee, Robert Prawdzik, filed the underlying complaint in July 2019, seeking to recover damages from a trip-and-fall he alleged was caused by the negligence of Creative and Appellee BH Lee Collier, LLC d/b/a Blue Haven Pools and Spas ("Blue Haven").[2] Creative and Blue Haven were both engaged in a pool and patio construction project in the backyard of the residence of Prawdzik's daughter, Cheri Demonico, at the time of Prawdzik's injury. In early August 2020, Creative served a proposal for settlement on Prawdzik. The proposal for settlement offered Prawdzik $75,000 to resolve all claims that he had asserted or could have asserted relative to the claims described in the complaint, and to resolve all damages that would otherwise be awarded in a final judgment against Creative and in favor of Prawdzik. He did not accept the offer. Subsequently, counsel for Prawdzik filed a suggestion of death, indicating that Prawdzik passed away on November 18, 2020.

In March of 2021, Demonico, as the personal representative of her father's estate, moved to substitute herself as the plaintiff. Creative and Blue Haven filed a joint motion to dismiss, seeking a dismissal *with prejudice*, pointing out that Florida

_____

[2] Blue Haven was one of the defendants below and a nominal appellee here.

Rule of Civil Procedure 1.260 requires a motion for substitution be filed within ninety days of filing a suggestion of death, and arguing that because Demonico's motion came twenty-five days late, the rule required that the action be dismissed. Subsequently, the trial court entered an order dismissing the action *without* prejudice.

On November 30, 2021, Creative filed a motion to convert the dismissal without prejudice into a dismissal with prejudice, noting that on October 29, 2021, Demonico had refiled the suit under a new case number in her representative capacity, asserting the same cause of action against Creative and Blue Haven. After conducting a hearing, and without using the words "with prejudice," the trial court entered an order on June 9, 2022, finding that the time to file an amended complaint had passed, the case was effectively abandoned by the plaintiff, and the dismissal was final. Further, the trial court orally pronounced that it would not reserve jurisdiction to entertain a motion for attorney's fees.

Even so, on June 13, 2022, Creative timely filed a motion for attorney's fees based upon the proposal for settlement previously served on Prawdzik. The motion indicated that the trial court had converted its previous dismissal without prejudice into a dismissal with prejudice. In response, counsel for Demonico argued that the trial court had specifically declined to dismiss the case with prejudice and declined Creative's request to reserve jurisdiction for any fee motions. After conducting a

3

hearing, the trial court simply denied the motion for attorney's fees without explanation.

Analysis

Essentially, both parties argue that this appeal hinges on whether the order of dismissal entered below was *with* or *without* prejudice, as that factor determines whether Creative would be entitled to seek an award of attorney's fees and costs under section 768.79, Florida Statutes (2019).

Generally, a trial court's order denying attorney's fees is reviewed for an abuse of discretion. *Wells v. Halmac Dev., Inc.*, 189 So. 3d 1015, 1019 (Fla. 3d DCA 2016). When a "trial court's ruling [regarding the entitlement to a fee award under 768.79] is based on factual findings, our review is for competent, substantial evidence." *Est. of Sweeney v. Washington*, 327 So. 3d 396, 398 (Fla. 2d DCA 2021) (first citing *Jarrard v. Jarrard*, 157 So. 3d 332, 337 (Fla. 2d DCA 2015), and then citing *R.J. Reynolds Tobacco Co. v. Lewis*, 275 So. 3d 747, 751 (Fla. 5th DCA 2019)). "However, to the extent the trial court's determination on a motion for attorney's fees is based on an issue of law, our standard of review is de novo." *Id.* (citing *Blue Infinity, LLC v. Wilson*, 170 So. 3d 136 (Fla. 4th DCA 2016)). Notably, both parties correctly agree that our standard of review in this case is de novo.

Creative claims an entitlement to attorney's fees because it met the prerequisites of section 768.79. Counsel for Demonico does not dispute that

4

Creative served a demand or offer of judgment under the statute, but instead argues that since the trial court did not dismiss the action with prejudice, there has not been an adjudication on the merits that would entitle Creative to attorney's fees.

> Section 768.79 entitles a defendant to an award of attorney's fees and costs where the defendant filed an offer of judgment, not accepted by the plaintiff within 30 days, and "(1) the judgment is one of no liability; (2) the judgment obtained by the plaintiff is at least twenty-five percent less than the defendant's offer; or (3) the cause of action was dismissed with prejudice."

*Annesser v. Innovative Serv. Tech. Mgmt. Servs., Inc.*, 346 So. 3d 194, 195 (Fla. 3d DCA 2022) (quoting *Smith v. Loews Miami Beach Hotel Operating Co.*, 35 So. 3d 101, 103 (Fla. 3d DCA 2010)); *see also* § 768.79. The Florida Supreme Court has held that section 768.79 applies where there has been a formal judgment entered or where there has been a dismissal with prejudice. *MX Invs. Inc. v. Crawford*, 700 So. 2d 640, 642 (Fla. 1997) ("We conclude that section 768.79, Florida Statutes . . . does not provide a basis for the award of attorney fees and costs unless a dismissal is with prejudice."). The *MX Investments* Court interpreted "voluntary dismissal" and "involuntary dismissal" in section 768.79(6)[3] to require "a dismissal with prejudice so that the dismissal is the basis for a judgment of no liability as contemplated in section 768.79(1)." *Id.*; *see also Annesser*, 346 So. 3d at 196 ("To trigger the offer

---

[3] This subsection was renumbered to 768.79(7) in an amended version of the statute, effective December 16, 2022. This opinion refers to numbering in the 2019 version.

of judgment statute, the dismissal must be with prejudice, 'represent[ing] a judgment of no liability.'") (alteration in original) (quoting *Smith*, 35 So. 3d at 103). "An involuntary dismissal without prejudice doesn't constitute a judgment on the merits." *Annesser*, 346 So. 3d at 195.

It is clear that the first order granting dismissal was without prejudice. The second motion to dismiss was titled "Motion for Dismissal–With Prejudice" and the corresponding order indicates that the motion is "granted as follows" and that the dismissal is "final." Though the motion was "granted," the trial court included the narrowing qualifier "as follows," and the language that then follows does not expressly state that the dismissal was "with prejudice." The transcript of the hearing shows that the trial court contemplated dismissing with prejudice when it asked counsel for Demonico, "what could you possibly say? I granted this order in May of 2021. You haven't filed anything in this case. Why would this not be with prejudice? I don't understand. It's in this case." Still, neither the oral pronouncement nor the order contained the words, "with prejudice," and the lack of such language has caused the parties to have differing opinions regarding whether the second dismissal operated as an adjudication on the merits, and consequently, has fueled the dispute as to whether Creative has a basis for an award of attorney's fees and costs.

> *Unless the court in its order for dismissal otherwise specifies*, a dismissal under this subdivision and any dismissal not provided for in

> this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits.

Fla. R. Civ. P. 1.420(b) (emphasis added). "[A]n involuntary dismissal, a dismissal with prejudice, and a second voluntary dismissal (which serves as adjudication on the merits pursuant to rule 1.420(a)(1)) all qualify as a basis of an award of attorney's fees under section 768.79." *Smith*, 35 So. 3d at 103. Both orders granting dismissal in this case were involuntary—the first order specifying that it was without prejudice and the second order remaining silent as to prejudice. Still, even without specifically using the words "with prejudice," the second order operated as an adjudication on the merits because the order did not specify otherwise. *See* Fla. R. Civ. P. 1.420(b). Consequently, Demonico's assertion that the second dismissal was without prejudice and, therefore, not final is hollow. Because the second order of dismissal did not "otherwise specify," the order operated as an adjudication on the merits, and it was error to decline to entertain the motion for attorney's fees.

The trial court ultimately did hold a hearing on Creative's fee motion despite its oral pronouncement that it would not reserve jurisdiction to address attorney's fees.[4] The order following that hearing states that the motion was denied "after

---

[4] A specific reservation of jurisdiction to address a post-judgment motion for attorney's fees is unnecessary because it "raises a 'collateral and independent claim'

7

hearing arguments of counsel . . . ." Thus, it appears a hearing was held, though the transcript of that hearing was not included in the record on appeal. Creative contends that the hearing was not evidentiary in nature and only legal argument was presented. Considering the language in the trial court's order, it appears that is correct.

Demonico argues that Creative's failure to provide this court with a transcript of the hearing on the motion for attorney's fees is fatal to the appeal. A fundamental principle of appellate review is that "a trial court's findings and judgment come to a reviewing court with a presumption of correctness, and cannot be disturbed absent a record demonstrating reversible error." *JP Morgan Chase Bank v. Combee*, 883 So. 2d 330, 331 (Fla. 1st DCA 2004) (citing *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979)). "Without a transcript, appellate courts cannot usually determine what issues were either raised or argued by the parties during a proceeding. As such, the lack of a transcript *normally* precludes appellate review." *Chaiken v. Suchman*, 694 So. 2d 115, 117 (Fla. 3d DCA 1997) (emphasis added).

On the other hand, "[w]here the hearing at issue is non-evidentiary and consists only of legal argument, the failure to provide a transcript is not necessarily fatal to appellate review." *Rollet v. de Bizemont*, 159 So. 3d 351, 357 (Fla. 3d DCA

which the trial court has continuing jurisdiction to entertain within a reasonable time, notwithstanding that the litigation of the main claim may have been concluded with finality." *Finkelstein v. N. Broward Hosp. Dist.*, 484 So. 2d 1241, 1243 (Fla. 1986).

2015). The issue raised in this appeal is whether an award of attorney's fees was permissible under section 768.79. Since it is apparent from the record and the trial court's order that no factual issues were presented, no testimony or evidence was received, and the trial court only heard legal argument of counsel at the hearing on Creative's motion for attorney's fees, the transcript of that hearing is unnecessary for our review of this issue.

An award of attorney's fees under section 768.79(6) requires, in relevant part:

Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:

(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.

The proposal for settlement is included in the record on appeal, and since Demonico concedes that Creative served a demand or offer of judgment under section 768.79, and since the motion for fees was timely filed and the second dismissal order acted as an adjudication on the merits, Creative is entitled to attorney's fees and costs. However, the analysis does not end there. Section

9

768.79(7)(a) provides that, "[i]f a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees." Thus, there could be another basis to deny fees, and without a more detailed order or transcript of the hearing, an *Applegate* affirmance could be required.

However, neither party contends that the trial court reached the issue of whether the proposal for settlement was made in good faith. Both parties argue in their respective briefs that the sole issue is whether the second dismissal was with or without prejudice. Additionally, if the trial court denied Creative's motion because it determined that the offer was not made in good faith pursuant to section 768.79(7)(a), more than pure legal argument at the hearing would have been necessary to make that finding. The trial court's order denying attorney's fees indicates it only reviewed the motion and heard legal argument of counsel. No factual findings were made. Moreover, as noted above, both parties correctly agree that the standard of review for this issue is de novo, whereas if the ruling was based on factual findings, we would review for competent, substantial evidence. *Est. of Sweeney*, 327 So. 3d at 398. Accordingly, the lack of transcript of the fee hearing is not fatal to this appeal.

10

<u>Conclusion</u>

Having determined that the trial court erred in denying Creative's motion for attorney's fees on the ground that Prawdzik's claims were not dismissed with prejudice, we reverse the Order Denying Defendant's Motion for Entitlement to Attorney's Fees and Costs and remand for further proceedings pursuant to section 768.79(6), Florida Statutes (2019).

REVERSED and REMANDED.

MIZE, J., and LAMBERT, B.D., Associate Judge, concur.

James H. Wyman, of Hinshaw & Culbertson, LLP, Coral Gables, for Appellant.

Kristin Stocks, of Morgan & Morgan, Fort Myers, for Appellee, Robert Prawdzik.

No Appearance for Appellee, BH Lee Collier, LLC d/b/a Blue Haven Pools and Spas.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED