555 So.2d 1258 (1989)
GILMOR TRADING CORP., Petitioner,
v.
LIND ELECTRIC, INC., Respondent.
No. 89-2505.
District Court of Appeal of Florida, Third District.
December 12, 1989.
Rehearing Denied February 15, 1990.
*1259 Andrew J. Anthony and Daniel J. Lynott, Miami, for petitioner.
Peters, Pickle, Niemoeller, Robertson, Lax & Parsons and Michael H. Lax, Miami, for respondent.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
Petitioner Gilmor Trading Corp., plaintiff below, petitions for a writ of certiorari to review an order granting respondent/defendant Lind Electric Inc.'s motion to compel the taking of the depositions of two experts who were retained by Gilmor in anticipation of litigation, but who will not be called at trial. The same order denied Gilmor's motion for protective order. We grant certiorari and quash the order under review.
Gilmor brought suit against Lind for damages arising from a fire on Gilmor's business premises, which, Gilmor alleges, was caused in whole or in part through the fault of Lind. Shortly after the fire, the two experts were engaged by Gilmor's counsel. They performed some initial work, but were directed to close their file after the Federal Bureau of Alcohol, Tobacco and Firearms issued its report on the fire.
Where, as here, an expert has been specially employed in anticipation of litigation but is not expected to be called as a witness at trial, the facts known or opinions held are deemed to be work product and may be discovered, insofar as pertinent here, "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fla.R.Civ.P. 1.280(b)(4)(B) (1989); see Ruiz v. Brea, 489 So.2d 1136, 1137-38 (Fla. 3d DCA 1986) (opinion on rehearing). In the present case the Bureau of Alcohol, Tobacco and Firearms conducted an extensive investigation immediately after the fire, utilizing a fourteen-member team, assisted by personnel from the Hialeah Police and Fire Departments, the Chief Electrical Inspector for the City of Hialeah, and other personnel. The team collected evidence from the fire site, took photographs, and videotaped much of the proceedings. They interviewed twenty-one witnesses, including two of the personnel from the defendant Lind Electric, Inc. All of this activity occurred, and the report was issued, within five days after the fire. The personnel responsible for the report, and information gathered, are accessible to the parties, as are, apparently, the witnesses interviewed by the federal team.
The instant lawsuit was filed nine months after the fire. Lind has engaged trial experts, one of whom has already rendered his expert opinion. The other expert indicates that his opinion will be forthcoming pending completion of further work.
*1260 Lind's initial argument, that Gilmor's not-to-be-called experts are actually fact witnesses, is without basis. Lind's claim that these experts should be deemed to be in the category of treating physicians, see Sipes v. United States, 111 F.R.D. 59 (S.D.Cal. 1986), is inapposite. There is no showing whatsoever that the experts performed any services in "treatment," i.e., maintenance or repair of the damaged facilities. Their sole role, as disclosed by this record, is that of experts engaged by counsel.
Lind's second argument is that Gilmor's not-to-be-called experts have electrical engineering expertise, so that their inspection of the site would have been different from that conducted by those who investigated the scene immediately after the fire. The inquiry, however, is whether there are "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fla.R. Civ.P. 1.280(b)(4)(B). See generally Procter & Gamble Co. v. Swilley, 462 So.2d 1188, 1194 (Fla. 1st DCA 1985); Agri-Business, Inc. v. Bridges, 397 So.2d 394, 395 (Fla. 1st DCA), review denied, 407 So.2d 1102 (Fla. 1981); Travelers Indem. Co. v. Fields, 262 So.2d 222, 223-24 (Fla. 1st DCA 1972). Here, one of Lind's experts indicates that he has already formed his opinion, and the other expert indicates that he will shortly do so. The large investigatory team focused specifically on electrical code violations as a possible cause of the fire. The team included the city's electrical code inspector. The evidence and findings have been documented as already stated. This is far from a case in which the only meaningful source of data is a not-to-be-called expert engaged by one of the parties. See, e.g., DelCastor, Inc. v. Vail Assoc's, Inc., 108 F.R.D. 405 (D.Colo. 1985). See generally 8 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2032 (1970).
On the basis of the present record, Lind has not demonstrated the necessary exceptional circumstances to justify invading the work-product immunity. We therefore grant certiorari and quash the order under review.
Certiorari granted; order quashed.