PER CURIAM.
Petitioners, defendants below in a personal injury action, seek certiorari review of the trial court’s interlocutory order denying their motion for a protective order. Petitioners seek to prevent respondent from deposing a defense expert whose written report was previously disclosed to respondent, and whose name was initially listed on petitioner’s trial witness list but was later withdrawn.
We grant the petition for writ of certio-rari on the authority of rule 1.280(b)(4)(B), Florida Rules of Civil Procedure. See also Gilmor Trading Corp. v. Lind Electric, Inc., 555 So.2d 1258 (Fla. 3d DCA 1989); Ruiz v. Brea, 489 So.2d 1136 (Fla. 3d DCA 1986). We reject respondent’s contention that petitioner’s prior disclosure of the expert’s written report constituted a waiver of the work product privilege as to the facts known and opinions held by the expert that were not previously disclosed. See Truly Nolen Exterminating, Inc. v. Thomasson, 554 So.2d 5 (Fla. 3d DCA 1989), rev. dismissed, 558 So.2d 20 (Fla.1990); Eastern Air Lines, Inc. v. Gellert, 431 So.2d 329 (Fla. 3d DCA 1983).
We also conclude that petitioners’ initial listing of the expert on their trial witness list did not constitute a waiver of the work product privilege. Now that petitioners have withdrawn the expert’s name from their trial witness list, respondent cannot depose the expert absent a showing of exceptional circumstances. Fla.R.Civ.P. 1.280(b)(4)(B).
DOWNEY, DELL and GUNTHER, JJ., concur.