SAWAYA, J.
Paul N. Howard Company (Howard) timely appeals the Order rendered on its Motion to Tax Costs, which Order awarded some, but not all of the costs Howard sought to recoup in a case that, in various forms, has spanned several decades and encompassed two jury trials and numerous appeals. Howard argues that the trial court erred by failing to tax the costs it incurred in association with the 2001 trial and by denying it recovery for certain expenses associated with documents, experts, and witnesses. We affirm in part, reverse in part, and remand for further proceedings.[1]
After all the trial proceedings were concluded, Howard filed its Motion to Tax Costs and Attorney’s Fees. As to the costs associated with the 2001 trial, the trial court denied costs based on its conclusion that the result of that trial was irrelevant. We disagree, reverse that part of the Order denying costs for the 2001 trial, and remand this case to the trial court to award appropriate costs for that proceeding.
Howard also argues that the trial court erred in disallowing costs associated with two expert witnesses, Mr. Zoilo and Mr. Wolford, in the 2008 trial simply because CDM represented at the hearing that neither man had testified. Howard points out that under the Uniform Guidelines for Taxation of Costs, it is immaterial whether the men actually testified — the test is whether the expert’s deposition or testimony was “reasonably necessary either to defend or prosecute the case at the time the action precipitating the cost was undertaken.” In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d 612, 616; see also Otis Elevator Co. v. Bryan, 489 So.2d 1189, 1190 (Fla. 1st DCA 1986) (“The rule in Florida is to disallow taxation of costs for discovery depositions taken in preparation for trial. But where such depositions serve a ‘useful purpose’ at trial, they are taxable as costs.” (citation omitted)); Crane v. Stulz, 136 So.2d 238, 242 (Fla. 2d DCA 1962). Because the trial court used an incorrect standard by which to determine an award of costs as to Mr. Zoilo and Mr. Wolford, we reverse that part of the Order denying costs for these two expert witnesses and remand to the trial court to make an appropriate award of costs for those two witnesses. We also remand for reconsideration of the cost related to Land Tech *254 Surveying & Mapping. As with the expert witness costs, an incorrect standard was applied in denying this cost, necessitating remand for a determination under the Uniform Guidelines’ standard of reasonable necessity. We otherwise affirm the remainder of the Order.
AFFIRMED in part, REVERSED in part, and REMANDED.
GRIFFIN and COHEN, JJ., concur.

. Appellee Camp, Dresser, & McKee, Inc. (CDM) filed an Answer Brief in which it completely fails to address the issues raised by Howard and instead launches an attack on the constitutionality of the bifurcation of the underlying case. CDM has not filed a notice of cross appeal, nor has it styled its independent attack as such — it "merely” seeks a reversal of the entire underlying case, which it obviously cannot now do.