ROTHENBERG, J.
This petition for writ of certiorari comes to us after the trial court ordered the deposition of a non-testifying expert witness and also issued an order requiring the petitioner to show cause why he should not be sanctioned for instructing the same expert witness to refuse to answer deposition questions at a prior ordered deposition. We agree that the trial court’s rulings depart from essential requirements of law, and therefore grant certiorari and quash the relevant orders.

BACKGROUND

The underlying action involves a dispute regarding the proper ownership interests in funds derived from the sale of a business. Although the Plaintiff-Petitioner Mathew Rocca maintains an interest in the sold property based on a trust left to him by his father and grandfather, he has little personal knowledge as to the value of the business or the defendants’ actions allegedly depriving him of the money to which he is entitled. Rocca’s counsel, therefore, hired an accounting expert, Robert Stone, to review the record and the numbers, form an expert opinion regarding the amount of Rocca’s damages, and assist him in his preparation of the case. Stone was initially placed on Rocca’s list of testifying witnesses; however, when the defendants notified Rocca that they intended to depose Stone, he was removed from the witness list. '
Although Stone had been removed from the witness list and Rocca claimed that Stone possessed no material factual information that had not been provided to the defendants, and Rocca had subsequently amended his witness list by adding an accounting expert who will testify at trial, the defendants argued that they needed to depose Stone because they have no other way of calculating the potential damages. Apparently persuaded by the defendants’ arguments, the trial court issued an order requiring that Stone be deposed, but only as a non-expert fact witness. At Stone’s deposition, however, the defendants asked several questions that likely fall under the work product or accountant-client privilege, including the methods and calculations of the damages Stone had formulated *372 based on the information provided by Roc-ca. Rocca’s attorney instructed Stone not to answer these questions, and the defendants ended the deposition. The defendants subsequently filed motions to compel Stone’s deposition testimony and requiring Rocca’s attorney to show cause why he should not be held in contempt for refusing to comply with the earlier order requiring Stone’s limited deposition. The trial court granted both of these motions. This petition for a writ of certiorari, along with a motion to stay the proceedings below, followed.

ANALYSIS

Florida Rule of Civil Procedure 1.280 provides that:
A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in rule 1.360(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
Fla. R. Civ. P. 1.280(b)(5)(B) (emphasis added). The protection provided by rule 1.280(b)(5)(B) applies to experts initially disclosed as testifying witnesses that are later withdrawn as such. Forman v. Fink, 646 So.2d 236, 237 (Fla. 3d DCA 1994). When an expert has been specially employed in preparation of litigation but is not to be called as a witness at trial, the facts known or opinions held are deemed to be work product and may be discovered only by a showing of exceptional circumstances, as mandated by rule 1.280. Gilmor Trading Corp. v. Lind Elec., Inc., 555 So.2d 1258, 1259 (Fla. 3d DCA 1989).
Stone is precisely the type of expert protected by rule 1.280. He was hired to examine the data and provide his expert opinion based only on the information that Rocca provided him. Stone seemingly has no personal knowledge of the underlying facts of the case other than those provided to him by Rocca or Rocca’s attorney, and Stone has been withdrawn as a testifying witness. Based on these facts, Stone cannot properly be classified as a fact witness, and may only be deposed upon a showing of exceptional circumstances in which the defendants are unable to obtain similar information by different means. The defendants have not made such a showing. The defendants have hired their own expert witness and have been given access to Rocca’s designated trial expert accountant.
Should the trial court determine that Stone has pertinent factual information unrelated to what has been disclosed to him by Rocca or his attorneys or otherwise protected by privilege, or that exceptional circumstances apply because the defendants are unable to acquire relevant information by any other means, it can certainly order Stone’s deposition for those limited purposes within the mandates of rule 1.280(b)(5)(B). Without such a showing, however, the orders requiring Stone’s deposition and requiring Rocca to show cause why he should not be held in contempt of court depart from the essential requirements of law.
Certiorari granted; orders quashed.