# Third District Court of Appeal

## State of Florida

Opinion filed February 27, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-353
Lower Tribunal No. 13-13502
_____

**Helen Bailey etc., et al.,**
Petitioners,

vs.

**Miami-Dade County,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County.

James C. Blecke, for petitioners.

R.A. Cuevas, Jr., Miami-Dade County Attorney, and Eric K. Gressman, Assistant County Attorney, for respondent.

Before SHEPHERD, C.J., and EMAS and SCALES, JJ.

EMAS, J.

Petitioner, Helen Bailey, as personal representative of the Estate of Samuel Bailey (hereafter "Plaintiff") petitions for a writ of certiorari and requests this court

to quash a trial court order which allows Miami-Dade County (hereafter "Defendant") to depose Dr. Ali Raja, Plaintiff's retained, non-testifying expert. We conclude that the trial court order departed from the essential requirements of law, grant the petition for writ of certiorari, and quash the order allowing Defendant to depose Dr. Raja.

Plaintiff's husband ("Decedent") suffered a cardiac event on a cruise ship and was transported by Miami-Dade Fire Rescue to Mount Sinai Medical Center ("Mt. Sinai"). Upon his arrival at Mt. Sinai, Decedent was allegedly dropped from a gurney onto the ground by Mt. Sinai staff and/or Defendant's employees. While being treated at Mt. Sinai, Decedent died.

Initially, Plaintiff filed a wrongful death action, as personal representative of Decedent's estate, against only Mt. Sinai, alleging one count for medical negligence and a separate count for ordinary negligence. Plaintiff later amended her complaint to add an ordinary negligence claim against Defendant Miami-Dade County, based on its alleged role in Decedent being dropped from the gurney.

Prior to filing the action, Plaintiff retained Dr. Ali Raja to review the medical negligence claim against Mt. Sinai and prepare an affidavit in accordance with the presuit requirements of Florida's medical malpractice provisions, Chapter 766, Florida Statutes (2013). This presuit affidavit was provided to Defendant. Following commencement of the lawsuit, and while the medical negligence claim

2

against Mr. Sinai remained pending, Plaintiff disclosed Dr. Raja's name (and his status as an expert) to Defendant in response to expert witness interrogatories, stating that Dr. Raja would testify as to all matters relating to liability including standard of care, breach and causation. Also in her response, Plaintiff acknowledged the existence of Dr. Raja's statutory presuit affidavit, and objected to its production as privileged under Chapter 766.

Thereafter, Plaintiff settled with Mt. Sinai, leaving Miami-Dade County as the only remaining defendant and leaving the ordinary negligence claim as the only remaining count.

The trial court issued its trial order and, in accordance with that order, the parties submitted their respective witness list and expert witness disclosure list. Dr. Raja's name did not appear on either of the Plaintiff's lists. Thus, although Plaintiff had, through answers to expert interrogatories, earlier disclosed Dr. Raja as an expert who would testify as a witness at trial, Plaintiff withdrew Dr. Raja's name and he was no longer a witness who would be called by Plaintiff at trial. Nevertheless, Defendant sought to depose Dr. Raja, and Plaintiff moved for a protective order. The trial court denied Plaintiff's motion for protective order, finding that by providing the presuit affidavit to Miami-Dade County, Plaintiff waived any work-product privilege and that the deposition of Dr. Raja could proceed. This petition followed.

3

Permitting the deposition of the opposing party's retained, non-testifying expert under the circumstances presented constitutes a departure from the essential requirements of law. Rocca v. Rones, 125 So. 3d 370 (Fla. 3d DCA 2013); Forman v. Fink, 646 So. 2d 236 (Fla. 3d DCA 1995); Morgan v. Tracy, 604 So. 2d 15 (Fla. 4th DCA 1992).

> Florida Rule of Civil Procedure 1.280(b)(5)(B) provides:
>
> **(b) Scope of Discovery.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
> . . .
> 5) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
> . . .
> (B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in rule 1.360(b)[1] or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

(Emphasis added.)

In Rocca, 125 So. 3d at 371, Rocca hired an accounting expert to assist him in reviewing records, preparing the case for trial, and formulating an expert opinion regarding Rocca's damages. The expert was originally included on

---

[1] Civil Rule of Procedure 1.360 provides a procedure for one party to request the other party to submit to an examination by a qualified expert when the condition that is the subject of the requested examination is in controversy.

Rocca's list of trial witnesses but was removed when the defense sought to depose the expert. The deposition nevertheless went forward over Rocca's objection and, when the expert appeared at deposition but refused to answer questions based upon an assertion of work-product privilege, the trial court issued an order to show cause why the expert should not be held in contempt. Rocca filed a petition for writ of certiorari and we granted the petition, observing:

> The protection provided by rule 1.280(b)(5)(B) applies to experts initially disclosed as testifying witnesses that are later withdrawn as such. Forman v. Fink, 646 So.2d 236, 237 (Fla. 3d DCA 1994). When an expert has been specially employed in preparation of litigation but is not to be called as a witness at trial, the facts known or opinions held are deemed to be work product and may be discovered only by a showing of exceptional circumstances, as mandated by rule 1.280. Gilmor Trading Corp. v. Lind Elec., Inc., 555 So.2d 1258, 1259 (Fla. 3d DCA 1989).

Id. at 372.

In Morgan, 604 So. 2d at 15, petitioner sought certiorari review to prevent respondent from deposing a defense expert whose written report was previously disclosed to respondent, and whose name was initially listed as trial witness but was later withdrawn. Our sister court granted the petition:

> We reject respondent's contention that petitioner's prior disclosure of the expert's written report constituted a waiver of the work product privilege as to the facts known and opinions held by the expert that were not previously disclosed. We also conclude that petitioners' initial listing of the expert on their trial witness list did not constitute a waiver of the work product privilege. Now that petitioners have withdrawn the expert's name from their trial witness list, respondent

cannot depose the expert absent a showing of exceptional circumstances.

Morgan, 604 So. 2d at 15 (internal citations omitted).

In the instant case, Defendant failed to argue below (or offer proof) that exceptional circumstances existed for the taking of Dr. Raja's deposition. Thus, consistent with Rocca, Forman and Morgan, we hold that the trial court's denial of Plaintiff's motion for protective order was a departure from the essential requirements of law. We grant the petition, quash the order under review, but withhold formal issuance of the writ.