EDWARDS, J.
In this Engle[1] -progeny case, Appellant, R.J. Reynolds Tobacco Company ("Reynolds"), argues that Appellee, James Lewis, only surpassed the proposal for settlement threshold entitling him to an award of attorney's fees because the trial court improperly included costs related to four non-testifying expert witnesses retained by Lewis. We agree that was error. Reynolds also correctly asserts that the trial court allowed recovery for certain costs for which there was no evidentiary basis. Lewis cross-appeals, correctly arguing that the court erred by failing to award prejudgment interest on the costs calculated from *749 the date each was incurred. We will explain each decision in turn.
BACKGROUND
The decedent, Rosemary Lewis, passed away on March 12, 1998, after a battle with lung cancer. Her husband, James Lewis, was named the personal representative of the estate, and brought a wrongful death and survival action against Reynolds. After a two-week trial, the jury found in his favor. The jury awarded Lewis $ 750,000 in damages, which was reduced to $ 187,500 after the decedent's portion of comparative fault was applied. This court affirmed the final judgment in R.J. Reynolds Tobacco Co. v. Lewis , 226 So.3d 852 (Fla. 5th DCA 2017).
ENTITLEMENT TO ATTORNEY'S FEES
On July 14, 2014, Lewis filed a proposal for settlement ("PFS") for $ 199,000, which Reynolds rejected. After the final judgment was entered, Lewis sought his taxable costs and moved for attorney's fees pursuant to section 768.79(6)(b), Florida Statutes (2014). That section states that, if a defendant rejects a PFS and the plaintiff obtains a judgment at least 25% more than the amount of the proposal, the plaintiff is entitled to reasonable costs and attorney's fees as calculated by the Florida Supreme Court's guidelines. In order to cross the statutory 125% threshold entitling Lewis to attorney's fees, he would have needed at least $ 61,250 in taxable costs on the date that the PFS was served.[2]
Following several hearings, the trial court determined that on the date the PFS was served, Lewis would have been entitled to $ 65,047.94 in costs; thus, the trial court held he was entitled to an award of attorney's fees since he surpassed the threshold by $ 3797.94.[3] The costs utilized by the trial court in determining entitlement to fees included the cost and expenses related to four expert witnesses who had been retained by Lewis, but who had not testified or been deposed at the time the PFS was served.
Reynolds argues that the lower court's inclusion of the costs for the non-testifying experts was error under White v. Steak & Ale of Florida, Inc. , 816 So.2d 546 (Fla. 2002). White held that "the 'judgment obtained' pursuant to section 768.79 includes the net judgment for damages and any attorneys' fees and taxable costs that could have been included in a final judgment if such final judgment was entered on the date of the offer." 816 So.2d at 551. Based on this language, it is clear that under White , a court may only properly consider those costs that were already taxable on the date the PFS was filed.
Thus, the question is whether the non-testifying experts' costs were taxable as of July 14, 2014. Section 768.79(6)(b) provides that an award for attorney's fees and costs must be "calculated in accordance with the guidelines promulgated by the Supreme Court." It follows then, for purposes of the "judgment obtained" within that statute, that the taxable costs must also comply with those guidelines. According to In re Amendments to Uniform Guidelines for Taxation of Costs , costs for an expert witness's deposition and/or trial *750 testimony should be taxed, while any expense relating to a consulting but non-testifying expert should not be taxed. 915 So.2d 612, 616-17 (Fla. 2005). Based on this language, it is clear that taxable costs for experts do not include costs for those experts who do not testify. Therefore, costs for non-testifying experts are nontaxable.
Here, it is undisputed that the four experts in question were not deposed and did not testify.[4] Thus, costs related to them are nontaxable under the guidelines. Therefore, those costs cannot be included in the calculations for determining whether Lewis was entitled to attorney's fees, and the trial court erred by including the non-testifying experts' costs in its calculations. Accordingly, Lewis's taxable costs on the date the PFS was served totaled $ 44,014.60, meaning he was below the statutory threshold by $ 17,235.41. We therefore reverse the trial court's orders finding Lewis entitled to and awarding him attorney's fees.[5]
COST AWARD REGARDING MULTI-CASE EXPERTS
It is undisputed by the parties that Lewis's counsel litigated six Engle -progeny cases at the same time as Lewis's. To minimize costs, his counsel deposed Dr. Thomas one time, and Lewis sought only one-sixth of the cost of the deposition transcript ($ 663.22) and of Dr. Thomas's witness fee ($ 412.50). Another expert witness, Dr. Proctor, was only used in two of the six cases, so Lewis sought one-half of the cost of his deposition transcript ($ 526.29). It is also undisputed by the parties that one of the six cases, Koballa v. R.J. Reynolds Tobacco Co. , No. 2007-33334-CICI, 2011 WL 8201755 (Fla. 7th Cir. Ct. 2011), resulted in a compromise and settlement on costs. In that case, plaintiff's counsel sought $ 461,244.33 in taxable costs, which included the full costs of the two deposition transcripts and of Dr. Thomas's fee. There, the parties compromised and settled for $ 300,000, which was a 35% "reduction across the board of all case costs and included all firms involved in this matter."
Below, Reynolds argued that, since the Koballa award included a compromise for the subject depositions and witness fee, it should not be required to pay for those costs again, saying that paying for the difference was a "double dip." Reynolds further argued that the burden was on Lewis to prove that he did not recover for these costs in Koballa . However, the court found that, since the compromise was in *751 the Koballa case, Lewis was not precluded from seeking "whatever portion wasn't paid." The court concluded that the subject costs were not a "double dip."
"The prevailing party's burden, at an evidentiary costs hearing, to recover an expert witness fee is 'to present testimony concerning the necessity and reasonableness of the fee.' " Gray v. Bradbury , 668 So.2d 296, 298 (Fla. 1st DCA 1996) (quoting Powell v. Barnes , 629 So. 2d 185, 185 (Fla. 5th DCA 1993) ). Thus, in order for the court's award of $ 1602.01 for these costs to be affirmed, the costs must be supported by competent, substantial evidence. See Nilo v. Fugate , 30 So.3d 623, 624 (Fla. 1st DCA 2010). The cost compromise in Koballa was across the board and resulted in a 65% recovery for plaintiff's counsel. Lewis did not present any evidence on how the Koballa compromise affected the amount of each cost that he seeks to recover here. Rather, Lewis sought recovery for the full one-sixth of Dr. Thomas's deposition and fee and one-half of Dr. Proctor's deposition. Accordingly, we reverse the cost judgment because the trial court erred in awarding $ 1602.01 for those proportionate multi-case expert costs. However, we reject without further discussion Reynolds' arguments that the trial court erred in awarding costs related to Probative Production, TDx Media, LLC, and TimeCoder Pro.
PREJUDGMENT INTEREST ON COST AWARD
On cross-appeal, Lewis argues that the lower court erred by denying prejudgment interest on the award for costs. He argues: (1) taxable costs are subject to prejudgment interest, and (2) the interest accrues from the date he paid the costs. We agree that Boulis v. Florida Department of Transportation , 733 So.2d 959 (Fla. 1999), supports Lewis's assertion that prejudgment interest should be added to taxable costs. In Boulis , the Florida Supreme Court noted that its decision in Quality Engineered Installation, Inc. v. Higley South, Inc. , 670 So.2d 929 (Fla. 1996), allowed "prejudgment interest on attorney's fees, which are clearly litigation costs." 733 So.2d at 962. The court also noted that Florida adopted the "loss theory" of prejudgment interest. Id. at 961. Accordingly, we reverse the cost judgment on that basis and remand with instructions to include prejudgment interest in the revised cost judgment.
Because the trial court did not rule on when prejudgment interest accrues on costs, we reach no decision on that issue. On remand, the trial court must determine the accrual date of prejudgment interest for each item of cost, unless the parties choose to stipulate otherwise, and then enter an amended cost judgment.[6]
AFFIRMED IN PART, REVERSED IN PART, REMANDED WITH INSTRUCTIONS.
COHEN and GROSSHANS, JJ., concur.

Engle v. Liggett Grp., Inc. , 945 So.2d 1246 (Fla. 2006).

$ 199,000 (PFS offer) + 25% = $ 248,750 required to meet threshold. $ 248,750 - $ 187,500 (judgment) = $ 61,250.

There is a distinction between the actual costs awarded and those used to determine entitlement to attorney's fees. The non-testifying experts' costs were not included in the cost judgment; they were only used to determine whether Lewis had surpassed the 125% PFS threshold for entitlement to attorney's fees.

While all four experts had been disclosed at one point by Lewis, three of them were no longer included in his then-current witness list, which served to withdraw those three from the status of testifying witnesses such that they could not properly be deposed or later testify at trial. "The protection provided by rule 1.280(b)(5)(B) applies to experts initially disclosed as testifying witnesses that are later withdrawn as such." Rocca v. Rones , 125 So.3d 370, 372 (Fla. 3d DCA 2013). When a party removes an expert's name from the witness list, that expert may not then be deposed. See Morgan v. Tracy , 604 So.2d 15, 15 (Fla. 4th DCA 1992) ("Now that petitioners have withdrawn the expert's name from their trial witness list, respondent cannot depose the expert absent a showing of exceptional circumstances.").

Reynolds initially appealed after the trial court found Lewis entitled to attorney's fees, but prior to specifying the amount of fees to be awarded. It is well settled that such an order is a non-appealable, nonfinal order. See Orange Cty. v. Hewlings , 152 So.3d 812, 813-14 (Fla. 5th DCA 2014) (finding lack of jurisdiction on order determining entitlement to attorney's fees but failing to set the amount of fees). We relinquished jurisdiction, and the trial court entered a final, appealable order awarding a stipulated amount of attorney's fees.

See Petri Positive Pest Control, Inc. v. CCM Condo. Ass'n , 271 So.3d 1001, 1002, 2019 WL 1926276 (Fla. 4th DCA May 1, 2019) (holding that post-offer prejudgment interest is not to be included when calculating whether a party has surpassed the statutory threshold).