DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

The Estate of ELFRIEDE Z. SWEENEY,
deceased, and STATE FARM MUTUAL
INSURANCE COMPANY,

Appellants,

v.

GLORIA R. WASHINGTON,

Appellee.

Nos. 2D20-1848 & 2D20-2520
CONSOLIDATED

_____

September 3, 2021

Appeal from the Circuit Court for Polk County; John M. Radabaugh
and Gerald P. Hill, II, Judges.

DeeAnn J. McLemore and Charles W. Hall of Banker Lopez Gassler,
P.A., St. Petersburg; and J. Emory Wood of Wood & Wood, P.A., St.
Petersburg, for Appellants.

David F. Anderson of Burnetti, P.A., Lakeland, for Appellee.


SILBERMAN, Judge.

In a negligence action arising from an automobile accident, the Estate of Elfriede Z. Sweeney, deceased (the Estate), and State Farm Mutual Insurance Company (State Farm) appeal a final judgment for attorney's fees and costs in favor of Plaintiff Gloria Washington.[1] They contend that the trial court erred in determining that Sweeney was entitled to recover attorney's fees under section 768.79, Florida Statutes (2018), because the court miscalculated the "judgment obtained" by including preoffer costs that were not taxable on the date Washington's proposal for settlement was served. We agree and reverse the award of attorney's fees. However, we affirm the trial court's award of costs to Washington as prevailing party and remand for entry of a corrected judgment that awards costs.

Washington served her proposal for settlement on the Estate on March 21, 2019, and the Estate did not accept the proposal. After receiving a jury verdict and judgment in her favor against the Estate, Washington filed a motion to tax costs as prevailing party and a motion for attorney's fees and costs based on her proposal for settlement. In her fee motion she asserted that she was entitled to

_____

[1] The Estate and State Farm filed separate appeals, and this court consolidated them for all purposes.

recover her fees because her "judgment obtained" exceeded the threshold under section 768.79 when all taxable costs incurred before service of the proposal were included. At issue are the prepayment of deposition fees for Dr. Daniel Murphy and Dr. Davide Rosenbach. Washington prepaid the expert fees prior to service of her proposal, but both depositions were taken after service of the proposal. It is undisputed that if those prepaid expert fees are not included in the calculation, the judgment obtained would be below the threshold to trigger a fee award under section 768.79.

Before the hearing on Washington's fee motion, the Estate filed Dr. Rosenbach's fee schedule which expressly provides that prepayment for his deposition was due seven days in advance and was only "[n]on-refundable when cancelled within 72 hours." His "Cancellation Policy" unambiguously states that "72-hour notice of cancellation required for all appointments, otherwise payment for services is due for consultations and pre-payment becomes non-refundable for depositions and trial testimony." The Estate also filed Dr. Murphy's prepayment invoice which states: "All fees must be prepaid 72 hours prior to scheduled appointment. Cancelation

3

less than 48 hours or a no show will result in retention of the prepaid fee."

At the hearing before Judge Radabaugh, the Estate relied on and referred to the fee schedule and invoice. Washington contends on appeal that the documents were not formally admitted into evidence, but she posed no objection at the hearing.[2] Washington presented no evidence on the doctors' cancellation policies. Washington's counsel just speculated that "maybe they would've gotten a refund, who knows."

On May 15, 2020, Judge Radabaugh entered an order finding that because the Estate did not present either doctor's testimony, "the Court was presented with limited evidence to find that Dr. Rosenbach and Dr. Murphy's pre-paid deposition fee would have been refunded." The trial court found that their prepaid deposition fees were preoffer taxable costs included in the "judgment obtained" calculation. Based on that decision, the judgment obtained exceeded the necessary threshold, and the trial court awarded

_____

[2] Earlier in the hearing, Washington's counsel noted that he would be filing his exhibit later because "we're doing this over the phone during the pandemic."

4

attorney's fees to Washington based on her proposal for settlement. State Farm was subsequently joined as a defendant. On July 27, 2020, Judge Hill entered the final judgment for attorney's fees and costs against both the Estate and State Farm.

Appellate review of a question of law regarding the entitlement to a fee award under section 768.79 is de novo. *See Saterbo v. Markuson*, 210 So. 3d 135, 138 (Fla. 2d DCA 2016); *Matrisciani v. Garrison Prop. & Cas. Ins. Co.*, 298 So. 3d 53, 59 (Fla. 4th DCA 2020), *review denied*, No. SC20-1196, 2020 WL 6888127 (Fla. Nov. 24, 2020). To the extent that the trial court's ruling is based on factual findings, our review is for competent, substantial evidence. *See Jarrard v. Jarrard*, 157 So. 3d 332, 337 (Fla. 2d DCA 2015) (explaining that when employing a mixed standard of review "the appellate court reviews the findings of fact to assure they are supported by competent, substantial evidence"); *R.J. Reynolds Tobacco Co. v. Lewis*, 275 So. 3d 747, 751 (Fla. 5th DCA 2019) (stating that competent, substantial evidence must support costs awarded); *Webber v. D'Agostino*, 251 So. 3d 188, 191 (Fla. 4th DCA 2018) (applying a mixed standard of review to a fee and cost award).

Section 768.79(6)(b) provides that when a defendant does not accept an offer and "the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff" is entitled to recover her postoffer attorney's fees and costs. Those amounts are to be "calculated in accordance with the guidelines promulgated by the Supreme Court." § 768.79(6)(b). Because section 768.79 is "penal in nature" and because it is "in derogation of the common law rule that a party is responsible for its own attorney's fees," the statute "must be strictly construed." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 372 (Fla. 2013).

Washington argues that the trial court must look at all costs claimed to determine whether each was taxable; then the court must "draw a line in the sand" as to the service date of the proposal and add to the verdict all of the taxable costs before that service date to calculate the judgment obtained. Washington contends that because the expert fees were prepaid before service of the proposal, those fees should be included in the calculation.

The Estate contends that there is a distinction between the determination of which costs are taxable for purposes of triggering a proposal and which costs are taxable overall for a prevailing party.

6

The Estate argues that if it had accepted the proposal when it was served, both depositions would have been canceled and the prepayments would have been fully refunded to Washington based on each doctor's cancelation policy.

In making their arguments, both parties rely upon *White v. Steak & Ale of Florida., Inc.,* 816 So. 2d 546 (Fla. 2002). In *White,* the Florida Supreme Court addressed the question of "whether a prevailing party's pre-offer taxable costs are included for purposes of calculating the 'judgment obtained.' " *Id.* at 549. Washington relies upon the court's statement that "in calculating the 'judgment obtained' for purposes of determining whether the party who made the offer is entitled to attorneys' fees, the court must determine the total net judgment, which includes the plaintiff's taxable costs up to the date of the offer." *Id.* at 551. However, the Estate points out that the Florida Supreme Court expressly stated, "[W]e conclude that the 'judgment obtained' pursuant to section 768.79 includes the net judgment for damages and any attorneys' fees and taxable costs that could have been included in a final judgment *if such final judgment was entered on the date of the offer*." *Id.* (emphasis added). In reaching this conclusion, the court explained that in

7

considering an offer "the party necessarily must evaluate not only the amount of the potential jury verdict, but also any taxable costs, attorneys' fees, and prejudgment interest to which the party would be entitled *if the trial court entered the judgment at the time of the offer or demand.*"  *Id.* at 550 (emphasis added).

Applying *White*, the Fifth District determined that a trial court erred in finding that the plaintiff surpassed the threshold for an attorney's fee award under section 768.79(6)(b).  *Lewis*, 275 So. 3d at 749-50.  The trial court had included costs related to four experts in order to calculate the judgment obtained.  *Id.* at 749.  The plaintiff had retained the four experts, but they "had not testified or been deposed at the time the [proposal for settlement] was served."  *Id.*  The court stated that *White* made it clear that "a court may only properly consider those costs that were already taxable" on the date of a proposal.  *Id.*

To determine the judgment obtained under section 768.79(6)(b), the taxable costs must be determined in accordance with the Florida Supreme Court's Uniform Guidelines for Taxation of Costs.  *Lewis*, 275 So. 3d at 749.  Under those guidelines, "costs for an expert witness's deposition and/or trial testimony should be

8

taxed, while any expense relating to a consulting but non-testifying expert should not be taxed." *Id.* at 749-50 (citing *In re Amends. to Unif. Guidelines for Tax'n of Costs*, 915 So. 2d 612, 616–17 (Fla. 2005)). The *Lewis* court concluded that "costs for non-testifying experts are nontaxable." *Id.* at 750.

Here, we must view the costs as to whether they were taxable at the time Washington served her proposal on March 21, 2019. *See White*, 816 So. 2d at 551. The fact that the experts' deposition fees were prepaid before that date does not necessarily mean that they were taxable as costs for purposes of an attorney's fee award under section 768.79. Washington, as the moving party, had the burden "to show that all requested costs were reasonably necessary either to defend or prosecute the case at the time the action precipitating the cost was taken." *In re Amends. to Unif. Guidelines for Tax'n of Costs*, 915 So. 2d at 614; *see also Paul N. Howard Co. v. Camp, Dresser, & McKee, Inc.*, 91 So. 3d 252, 253 (Fla. 5th DCA 2012). Washington thus had the burden to establish that the doctors' deposition fees were reasonably necessary. When the proposal was served, neither doctor's deposition had been taken.

9

Thus, their fees at the time of the proposal would not have been taxable under the guidelines. *See Lewis*, 275 So. 3d at 750.

It would also be Washington's burden to establish an exception to the guidelines' provision that expenses relating to nontestifying experts should not be taxed as costs. Arguably, expert deposition fees could be taxed in the trial court's discretion if, for example, the moving party established that it was necessary to prepay the deposition fee in order to get on the expert's schedule and that the payment was nonrefundable. *See In re Amends. to Unif. Guidelines for Tax'n of Costs*, 915 So. 2d at 614 (recognizing the discretionary nature of the trial court's taxation of costs). But Washington did not establish that here. She presented no competent, substantial evidence that the two payments were nonrefundable.

Rather, the Estate filed a fee schedule and a payment invoice and relied on them at the hearing, to which Washington lodged no objection. The language on the fee schedule and invoice is unambiguous as to when a prepayment becomes nonrefundable. On March 21, 2019, neither prepayment was nonrefundable. Thus,

10

it follows that the prepayments were refundable if the depositions had been cancelled on March 21, 2019.

We conclude that the two prepaid expert deposition fees are not taxable for purposes of a fee award under section 768.79(6)(b). Thus, the trial court erred by including those expert deposition fees in the calculation for the judgment obtained. Without those two deposition fees in the calculation, it is undisputed that the judgment obtained falls below the statutory threshold to trigger a fee award under section 768.79(6)(b). Thus, we reverse the trial court's May 15, 2020, order to the extent that it granted Washington's motion for attorney's fees and awarded fees, and we reverse the July 27, 2020, final judgment for attorney's fees and costs to the extent that it awarded attorney's fees to Washington. We affirm the May 15 order to the extent that it grants Washington's motion to tax costs as prevailing party, and we affirm the July 27 final judgment to the extent that it awards those prevailing party costs to her. We direct the trial court on remand to enter a corrected judgment for costs.

Affirmed in part, reversed in part, and remanded.

11

KELLY and SLEET, JJ., Concur.

_____

Opinion subject to revision prior to official publication.