# Third District Court of Appeal

## State of Florida

Opinion filed September 11, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1451
Lower Tribunal No. 20-17447-CA-01
_____

**Fernando C. Gomes,**
Petitioner,

vs.

**Victor Maniglia,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

The Hink Law Firm, P.A., and Ronald R. Hink, for petitioner.

J. Muir & Associates, P.A., and Jane W. Muir, for respondent.

Before LOGUE, C.J., and SCALES and GORDO, JJ.

PER CURIAM.

Petitioner Fernando C. Gomes, a co-defendant below, seeks certiorari review of the trial court's August 5, 2024 order denying Gomes's motion for

a protective order that permits respondent Victor Maniglia, the plaintiff below, to depose Gomes's retained, non-testifying expert. We have jurisdiction. See Bailey v. Miami-Dade Cnty., 186 So. 3d 1044, 1045 (Fla. 3d DCA 2015).

Maniglia's complaint alleges a variety of claims against Gomes that stem from purported violations of Florida's Adult Protective Services Act. Gomes retained Dr. Tracey Henley, a psychologist, who performed a psychological examination of Maniglia.[1] Maniglia then not only requested and obtained Dr. Henley's report and other records relating to the examination,[2] but sought also to depose Dr. Henley despite Gomes not identifying Dr. Henley as Gomes's testifying expert witness. Gomes moved for a protective order to prevent the deposition, but the trial court denied Gomes's motion.

While Florida Rule of Civil Procedure 1.280(b)(5)(B) allows for a party to depose another party's non-testifying expert witness, the rule plainly

---

[1] See Fla. R. Civ. P. 1.360(a)(1) ("A party may request any other party to submit to . . . examination by a qualified expert when the condition that is the subject of the requested examination is in controversy.").

[2] See Fla. R. Civ. P. 1.360(b) ("If requested by the party to whom a request for examination or against whom an order is made under subdivision (a)(1)(A) or (a)(1)(B) or by the person examined, the party requesting the examination to be made shall deliver to the other party a copy of a detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnosis, and conclusions, with similar reports of all earlier examinations of the same condition.").

2

requires the party seeking to depose the non-testifying expert to make a showing of exceptional circumstances.[3] In denying Gomes's motion for a protective order, the trial court determined that Dr. Henley's rule 1.360 compulsory medical examination of Maniglia, in and of itself, constituted sufficient "exceptional circumstances" that entitled Maniglia to depose Dr. Henley. This determination constituted a departure from the essential requirements of law resulting in irreparable harm. See Bailey, 186 So. 3d at 1045 ("Permitting the deposition of the opposing party's retained, non-testifying expert under the circumstances presented constitutes a departure from the essential requirements of law."); Royal United Props., Inc. v. Royal, 370 So. 3d 1020, 1024 (Fla. 6th DCA 2023) ("A departure from the essential requirements of law, alternatively referred to as a violation of clearly established law, can be shown by a misapplication of the plain language in a statute." (quoting Gonzalez v. State, 15 So. 3d 37, 39 (Fla. 2d DCA 2009))).

---

[3] See Fla. R. Civ. P. 1.280(b)(5)(B) ("A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in rule 1.360(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.").

Contrary to the trial court's determination, nothing in rule 1.360(b) authorizes the deposition of a non-testifying defense expert who conducted a compulsory medical examination of a plaintiff. Because Maniglia did not make any showing of exceptional circumstances as required by rule 1.280(b)(5)(B), the trial court departed from the essential requirements of law by denying Gomes's motion for protective order. We, therefore, grant the petition and quash the August 5, 2024 order.

Petition granted. Order quashed.